UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: |
| | |
| v. | 18 U.S.C. §1341 (Mail Fraud) |
| | 18 U.S.C. §2 (Aiding and Abetting) |
| ANDREA GOODE-JAMES | 18 U.S.C. §981 (Criminal Forfeiture) |
| aka ANDREA GOODE | 18 U.S.C. §982 (Criminal Forfeiture) |
| aka ANDREA GOODE-LITTHCUTT, | 28 U.S.C. 2461 (Criminal Forfeiture) |
| Defendant. | |

**09 CR 10.1.70. DPW**

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information, unless otherwise indicated:

1.     The defendant, ANDREA GOODE-JAMES ("GOODE-JAMES"), was an

individual who resided in Roxbury, Massachusetts and was an attorney, licensed to practice law

in the Commonwealth of Massachusetts.

2.     Accredited Home Lenders was a real estate mortgage lender headquartered in San

Diego, California.

3.     Countrywide Home Loans, Inc. was a real estate mortgage lender headquartered in

Plano, Texas.

4.     WMC Mortgage Company was a real estate mortgage lender headquartered in

Burbank, California.

5.     The Connecticut Attorneys Title Insurance Company ("CATIC") was a title

insurance company headquartered in Rocky Hill, Connecticut. CATIC offered title insurance for

1

properties purchased in various states, including Massachusetts.

Goode-James Law Practice

6.      As part of her law practice, GOODE-JAMES performed real estate closings for
properties located in Massachusetts.

7.      A closing attorney, or "closing agent," is responsible for following the closing
instructions provided by the mortgage lenders including, among other things, receiving loaned
funds, disbursing loaned funds to the seller and paying off any pre-existing mortgages as
directed.

8.      Mortgage lenders commonly direct closing attorneys to procure title insurance that
covers the lender for an amount equal to the loan on the property.  Title insurance is insurance
against any encumbrances or possible problems with the title to property.  Title insurance covers
the insured party for title-related claims.

9.      GOODE-JAMES was an authorized agent of CATIC.  Pursuant to her agency
agreement with CATIC, she was authorized to sell CATIC title insurance policies to purchasers
of property in Massachusetts.

10.     As part of her agreement with CATIC, GOODE-JAMES was authorized to sell
CATIC title insurance policies only after performing a title search and determining that there
were no encumbrances on the subject properties.  To the extent that properties being sold were
subject to previous mortgages or other encumbrances, GOODE-JAMES was responsible for
clearing such encumbrances by, for example, causing the previous mortgages to be paid off and
released, before she was permitted to issue a title insurance policy.  As compensation for her
services in selling and issuing the CATIC policies, GOODE-JAMES was permitted to retain 70%

2

of the premium on each policy.

11.     GOODE-JAMES maintained an escrow account, also known as an Interest on Lawyers Trust Account ("IOLTA"), at Citizens Bank. In performing real estate closings, GOODE-JAMES deposited loaned funds into her IOLTA.

## THE FRAUD

12.     Beginning in or about 2005, GOODE-JAMES defrauded three mortgage lenders, CATIC, and the homeowners by performing closings and pocketing the loaned funds rather than disbursing those funds to pay off pre-existing mortgages. In order to conceal her fraud, GOODE-JAMES made some payments on the pre-existing mortgages and fraudulently issued CATIC title insurance policies, thereby pocketing the commissions from her sale of the title policies and lulling the new mortgage lenders into believing that the previous mortgages had been paid off. As a result of this fraud, CATIC ultimately became obligated to reimburse the insured mortgage lenders on the policies fraudulently issued by GOODE-JAMES.

### 3 Beauford Lane, Boston, Massachusetts

13.     On or about December 30, 2005, GOODE-JAMES served as the closing attorney for the conveyance of property located at 3 Beauford Lane, Boston, Massachusetts ("the Beauford Lane Property"). Prior to the purchase, Countrywide Home Loans, Inc. held two mortgages on the property, one in the amount of approximately $188,000 and one in the amount of approximately $47,000. In connection with the purchase, the purchaser received two mortgages from Accredited Home Lenders, one in the amount of approximately $220,000 and one in the amount of approximately $54,000, both of which were secured by the Beauford Lane Property.

3

14.     On or about December 30, 2005, approximately $273,203 was wired, in two separate wires, from Accredited Home Lenders to GOODE-JAMES'S IOLTA. GOODE-JAMES, however, did not pay off the two previous mortgages on the property held by Countrywide Home Loans, Inc. Instead she retained the entire $273,203, a portion of which she then disbursed directly from her IOLTA to pay personal expenses.

15.     Also in connection with the sale of the Beauford Lane Property, GOODE-JAMES issued a CATIC title insurance policy on the Beauford Lane Property for $220,000. GOODE-JAMES received a commission payment in connection with the sale of the CATIC policy.

20 Brookledge Street, Boston Massachusetts

16.     In or about September 2006, GOODE-JAMES served as the closing attorney for the refinancing of property located at 20 Brookledge Street, Boston, Massachusetts ("Brookledge Street Property"). Prior to the refinancing, HomeEq Servicing held a mortgage in the amount of approximately $418,000 on the Brookledge Street Property. In connection with the refinancing, the home owner received two mortgages from WMC Mortgage Company, one in the amount of $424,000 and one in the amount of $53,000, both of which were secured by the Brookledge Street Property.

17.     On or about October 6, 2006, approximately $480,439 was wired, in two separate wires, from WMC Mortgage Company to GOODE-JAMES'S IOLTA. GOODE-JAMES, however, did not pay off the previous mortgage held by HomeEq Servicing on the Brookledge Street Property. Instead, she disbursed approximately $52,638 to the property owner and retained the remaining loaned funds, a portion of which she disbursed directly from her IOLTA to pay personal expenses.

4

18.     Also in connection with the refinancing, GOODE-JAMES issued two CATIC title insurance policies on the Brookledge Street Property. One policy was in the amount of $424,000 and the second policy was in the amount of $53,000. GOODE-JAMES received a commission payment in connection with the sale of the CATIC policies.

19.     Following the closing on the refinance of the Brookledge Street Property, GOODE-JAMES made a few of the monthly payments due to HomeEq Servicing on the previous mortgage.

15 Speedwell Street, Boston, Massachusetts

20.     In or about May 2007, GOODE-JAMES served as the closing attorney for the refinancing of property located at 15 Speedwell Street, Boston, Massachusetts ("Speedwell Street Property"). Prior to the refinancing, Bank of America held a mortgage in the amount of approximately $427,700 on the Speedwell Street Property. In connection with the refinancing, the property owners received a mortgage from Countrywide Home Loans, Inc. in the amount of $434,000 and a home equity loan in the amount of $83,500, also from Countrywide Home Loans, Inc. Both loans were secured by the Speedwell Street Property.

21.     On or about May 7, 2007, approximately $508,962 was wired, in two separate wires, from Countrywide Home Loans, Inc. to GOODE-JAMES'S IOLTA. GOODE-JAMES, however, did not pay off the previous mortgage held by Bank of America on the Speedwell Street Property. Instead, she disbursed approximately $83,500 to, and on behalf of, the property owners and retained the remaining loaned funds, a portion of which she disbursed directly from her IOLTA to pay personal expenses.

22.     Also in connection with the refinancing, GOODE-JAMES issued a CATIC title

5

insurance policy on the Speedwell Street Property. The policy was in the amount of $460,000.

GOODE-JAMES received a commission payment in connection with the sale of the CATIC

policy.

23.    Following the closing on the refinance of the Speedwell Street Property, GOODE-

JAMES made a few of the monthly payments due to Bank of America on the previous mortgage.

Thereafter, however, the property owners received a notice from Bank of America that the Bank

of America mortgage – which the property owners believed to have been paid off during the

refinance – was going into foreclosure.

6

## COUNTS ONE THROUGH FOUR
## Mail Fraud
## (18 U.S.C. §1341)

24.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-through 23 of this Information and further charges that:

25.     On or about the dates set forth below, in the District of Massachusetts and elsewhere,

### ANDREA GOODE-JAMES,

defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations, for the purpose of executing the above-described scheme and attempting to do so, caused to be placed in post offices and authorized depositories for mail, matter and things to be sent and delivered by the United States Postal Service or by private or commercial carrier, to wit: CATIC title insurance policies and commitment agreements for policies on properties that, as GOODE-JAMES well knew, were encumbered by previous mortgages:

| Count | Mailing Date | Document |
|-------|--------------|----------|
| 1 | January 18, 2006 | CATIC Mortgage Title Insurance Policy on property located at 3 Beauford Lane, Boston, Massachusetts in the amount of $220,000 |

| Count | Mailing Date | Document |
|---|---|---|
| 2 | September 11, 2006 | CATIC Title Insurance Commitment Agreement for property located at 20 Brookledge Street, Boston, Massachusetts in the amount of $53,000 |
| 3 | September 11, 2006 | CATIC Title Insurance Commitment Agreement for property located at 20 Brookledge Street, Boston, Massachusetts in the amount of $424,000 |
| 4 | April 10, 2007 | CATIC Title Insurance Commitment Agreement for property located at 15 Speedwell Street, Boston, Massachusetts in the amount of $460,000 |

All in violation of Title 18 United States Code, Sections 1341 and 2.

## FORFEITURE ALLEGATIONS
## (18 U.S.C. §981(a)(1)(C), 28 U.S.C. §2461(c), 18 U.S.C. §982(a)(2))

26.    Upon conviction of one or more of the offenses alleged in Counts One through
Four of the Information, the defendant,

### ANDREA GOODE-JAMES,

shall forfeit to the United States (a) any property, real or personal, that constitutes, or is derived
from, proceeds traceable to the commission of the offenses pursuant to 18 U.S.C. §981(a)(1)(C)
and 28 U.S.C. §2461(c); and/or (b) any property constituting, or derived from, proceeds the
person obtained directly or indirectly, as the result of such violation pursuant to 18 U.S.C.
§982(a)(2).

The property to be forfeited by the defendant includes, but is not limited to, at least
$1,128,354.00 in United States currency representing the defendant's illegal proceeds from the
offenses alleged in Counts One through Four of the Information.

27.    If any of the property described in paragraph 26 hereof as being forfeitable
pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and/or 18 U.S.C. §982(a)(2) as a
result of any act or omission of the defendant --

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred to, sold to, or deposited with a third party;
>
> c. has been placed beyond the jurisdiction of this Court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be divided without
> difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. §2461(c) and 18 U.S.C. §982(b)(1), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendants up to the value of the property described in subparagraphs a through e of this paragraph.

All pursuant to Title 18, United States Code, Section 981; Title 28, United States Code, Section 2461(c); and Title 18, United States Code, Section 982.

Respectfully submitted,

MICHAEL K. LOUCKS
Acting United States Attorney

By:

MARK J. BALTHAZARD
SARAH E. WALTERS
Assistant U.S. Attorneys

Date: June 3, 2009